[No. 17301.   Department Two.   December 14, 1922.]

THE STATE OF WASHINGTON, *on the Relation of Richard W. Jamieson, Plaintiff,* v. JULIUS J. LAVERGNE *et al., Appellants.*[1]

CORPORATIONS (82)—STOCKHOLDERS' MEETINGS—VALIDITY—REQUIREMENTS OF BY-LAWS.  A stockholders' election of trustees is not invalid because of failure to present the corporate books showing the stockholders and number of shares held by each, or to present a financial statement as required by the by-laws, if in fact there were sufficient stockholders present to hold a legal meeting.

PLEADINGS (149)—MOTION FOR JUDGMENT ON—ADMISSIONS.  Where, from admissions in the pleadings, it does not appear whether a corporate election was sanctioned by a majority vote of the shares, the question is one of fact that cannot be determined on motion for judgment on the pleadings.

Appeal from a judgment of the superior court for Pierce county, Askren, J., entered December 5, 1921, in favor of the plaintiff upon the pleadings, in an action to remove trustees of a corporation from office. Reversed.

*F. D. Oakley* and *Vance & Christensen,* for appellant.

*F. Campbell* and *Harry H. Johnston,* for respondent.

MAIN, J.—The plaintiff brought this action for the purpose of having the defendants and each of them ousted from the office of trustee of the Sacajawea Lumber & Shingle Company, a corporation. The defendants answered by certain admissions and denials and pleaded an affirmative defense. Thereupon the plaintiff moved for judgment on the pleadings, which motion was sustained and a judgment entered as prayed for in the complaint. The defendants appeal.

The complaint is long and somewhat involved, and attached to it as an exhibit is a copy of the minutes of

[1]Reported in 211 Pac. 734.

the stockholders' meeting at which the appellants were elected trustees, and which meeting is claimed to be illegal and void. The answer admits that the exhibit is a true copy of the minutes. These minutes recite the persons present and the number of shares of stock owned by each. The respondent, as the minutes show, objected to the meeting being held, among other things, because the books of the company were not presented which would show who the stockholders were and the number of shares owned by each, and also because no financial statement was presented to the meeting as required by a by-law of the corporation.

Conceding that, under the by-laws of the corporation, the presentation of the books and the financial statement was required, there is no law or statute, so far as we are advised, which makes the holding of a meeting without a presentation of the books or the statement void and of no effect, if, in fact, the parties present and acting were the owners of a sufficient amount of the stock to enable a legal meeting to be held. The question is one of fact and cannot be determined upon a motion for judgment on the pleadings. Had the books been presented, they would have contained evidence of who were the stockholders entitled to vote, but the failure to present them does not make the meeting void if the persons present and acting were, in fact, stockholders.

The judgment will be reversed, and the cause remanded with directions to the superior court to overrule the motion for judgment on the pleadings.

PARKER, C. J., FULLERTON, and TOLMAN, JJ., concur.